**Dolores W. Huszagh, Executor of the Last Will and Testament of Theodore W. Huszagh, Deceased, Plaintiff-Appellee, v. City of Oakbrook Terrace, Defendant-Appellant.**

**Gen. No. 67–80.**

Second District.

November 17, 1967.

Thomas F. Pierce, of Chicago, for appellant.

Frank E. Mosetick, of LaGrange, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant, City of Oakbrook Terrace, appeals from a judgment on the pleadings entered January 31, 1967, in favor of the plaintiff, Dolores W. Huszagh, as Executor of the Last Will and Testament of Theodore W. Huszagh, deceased.

The verified complaint alleged that on or about the 12th day of September, 1962, the City enacted its ordinance "No. 77" entitled "CONTRACT ORDINANCE FOR SPECIAL LEGAL SERVICES." By the provisions of

that ordinance, Theodore W. Huszagh was employed to represent the City in certain annexation proceedings then pending before the County Court of DuPage County. The ordinance further provided that Huszagh was to be paid the sum of $80,000 for his services in this regard but that the fee was to be paid from sales tax revenues derived from the businesses located in the area to be annexed for a period from May 1, 1962, to May 1, 1965. In no event, however, was Huszagh to receive more than one-third of the actual revenues derived during that period. Huszagh acknowledged his acceptance of those terms and signed the "contract ordinance," which was attached and made a part of the complaint.

The complaint further alleged that Huszagh then proceeded with the annexation and that "he faithfully, honestly and energetically carried out each and every of the terms, provisions and agreements in said contract by him to be performed" and that he completed his work on December 31, 1962. The City paid Huszagh one-third of the monthly sales tax revenues in accordance with the contract until December 20, 1963, but breached it thereafter, according to the complaint, by its refusal to pay him, or his estate after his death in January of 1965, any further sums. The complaint prayed for an accounting of the actual sales tax revenues received by the City from the businesses in the annexed districts prior to May 1, 1965, and for judgment in an amount equal to one-third of those receipts less those sums already paid and not to exceed, in total, $80,000.

The verified answer of the City admitted most of the allegations contained in the complaint. It did deny that any additional sums were owed Huszagh or his estate or that it had attempted to deprive him of his compensation under the terms of "the employment contract" and alleged that the sum of $9,327.47 had already been paid to him prior to his death.

The prayer of the answer stated as follows:

"Wherefore, the Defendant prays this Court to find the agreement between THEODORE W. HUSZAGH and the Defendant, entered into on the 12th day of September, 1962, invalid as a matter of law, and to dismiss the complaint herein for want of equity."

On the day set for trial the parties stipulated that $9,327.47 had been, in fact, paid to Huszagh under the terms of the agreement and that one-third of the additional sales tax revenues received by the City prior to May 1, 1965, would be $9,644.69. The court then granted the motion of the plaintiff for judgment on the pleadings for $9,644.69 and this appeal followed.

█ Section 45(5) of the Civil Practice Act (Ill Rev Stats, c 110, § 45) provides that any party may seasonably move for judgment on the pleadings. After the motion is made, the court must examine the pleadings to determine if a factual issue exists or if the matter can be resolved solely as a matter of law. Bleck v. Cosgrove, 32 Ill App2d 267, 273, 177 NE2d 647; Tompkins v. France, 21 Ill App2d 227, 230, 157 NE2d 799.

The pleadings here indicate that the parties agree that the ordinance was enacted; that Huszagh performed the agreed services "faithfully, honestly" and completely; that under the terms of the agreement he was entitled to one-third of the revenues derived from May 1, 1962, to May 1, 1965; that he had received $9,327.47 but that no additional sums were paid to him. The accounting requested in the complaint was resolved prior to trial and a stipulation made as to the balance of the revenues derived. Clearly, no factual issue existed and the proceedings could be completely resolved as a matter of law.

The City contends that the contract was invalid because of its alleged violation of section 22 of article 4 of the Constitution of Illinois and certain provisions of the Municipal Code. (Ill Rev Stats, 1965, c 24, pars 3–7–3

118

and 3–14–4.)  It further urges that the contract was a clear violation of public policy and therefore completely void.

Section 33(1) of the Civil Practice Act (Ill Rev Stats, c 110, § 33) provides:

> "(1)   All pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply.  The common counts shall not be used."

Section 43(4) of that Act states:

> "(4)   The facts constituting any affirmative defense, such as payment, release, satisfaction, discharge, license, fraud, duress, estoppel, laches, statute of frauds, illegality, that an instrument or transaction is either void or voidable in point of law, or cannot be recovered upon by reason of any statute or by reason of nondelivery, want or failure of consideration in whole or in part, and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint, counterclaim, or third-party complaint, in whole or in part, and any ground or defense, whether affirmative or not, which, if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply."

The purpose of the pleadings is to narrow and define the issues to be resolved in the lawsuit.  To that end, it is necessary that each party include in his pleadings sufficient information to apprise the court and his adversaries as to those issues that he intends to raise at trial.  It was the intention of the City to raise the issue of the validity of the contract in reference to its alleged violation of certain constitutional and statutory prohibitions and because it was against public policy.  It was

119

therefore the duty of the City to specify the alleged violations in its pleadings with sufficient precision to enable the court and the plaintiff to know what issues were to be resolved at the trial. The general denials of the answer and the bald assertion in its prayer that the "contract was invalid as a matter of law" wholly failed to fulfill that duty and the trial court could quite properly refuse to consider any such defense not specified in the pleadings.

The contention of the City that its alleged affirmative defense was purely a matter of law and that therefore it was not necessary to raise it in the pleadings is incorrect. It is fundamental in the interests of proper procedure that affirmative defenses be adequately raised in the pleadings and the failure to so raise them will be deemed a waiver of the defense. Economy Truck Sales & Service, Inc. v. Granger, 61 Ill App2d 111, 116, 209 NE 2d 1.

The judgment of the trial court will be affirmed for the reasons stated.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.