*In re* APPLICATION OF THE COUNTY TREASURER, Collector-Appellee.—
(STANLEY PAPIERZ, Objector-Appellant.)

(No. 59018;

First District (3rd Division)—January 23, 1975.

Arvey, Hodes & Mantynband, of Chicago (J. Herzl Segal and Eugene L. Griffin, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Henry A. Hauser, and Catherine M. Ryan, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

An application was made by the county collector of Cook County to the circuit court of Cook County for judgment and order of sale against certain real estate for nonpayment of taxes for the year 1970 and for determination of correct taxes where taxes were paid under protest. Taxpayer, Stanley Papierz, filed an objection to the application, alleging that the taxes were excessive. After a trial, the trial court dismissed the objection and entered judgment for collector. Objector appeals.

Prior to trial the collector moved to dismiss the objection on the ground that the objector had failed to exhaust his administrative remedies by his failure to file a complaint before the Board of Appeals of Cook County. The trial court found that the objector had failed to file a complaint with the Board of Appeals because the notice for quadrennial assessment dates had been published subsequent to the filing dates of the Board of Appeals. The court denied the motion to dismiss and ordered the cause to proceed to trial.

The evidence is undisputed. The property is located in the Village of LaGrange in Lyons Township. It consisted of 16 three-floor buildings containing twelve apartments each. The taxes levied on the property for the year 1970 amounted to $140,773. To support his claim of overassessment, objector presented expert testimony of the normal procedure employed by the assessor's office following a complaint of excessive valuation as to this class property. The office would require an income statement relating to the property for 1969, and then would establish assessed value at 25% of the total income. According to the witness, such a formula was uniformly applied. Objector introduced into evidence income tax returns for the subject property from 1968 through 1971. According to objector, proper application of the 25% rule would result in a tax $29,834.89 less than that actually imposed. He sought a refund of that amount.

At the conclusion of all the evidence, the trial judge again excused the filing of a complaint with the Board of Appeals for 1970, but nevertheless found no evidence of actual or constructive fraud in the making of the 1970 quadrennial assessment on the property. The court thereupon ordered that the objection be dismissed and judgment be entered for the collector in the amount of $0.00, all taxes having been paid.

Objector contends that the trial court erred in failing to find the tax assessment actually or constructively fraudulent or illegal. He further argues that he was denied due process by failure of the court to exercise the same powers of review over an excessive tax assessment as are held by the Board of Appeals.

■■ We have elected to decide the present case on grounds other than those raised by the parties. Our authority to act in this manner is beyond

dispute. Although Supreme Court Rule 341(e)(7) provides that points not argued are waived, this paragraph states an admonition to the parties and does not operate as a limitation upon the jurisdiction of the court. *Hux v. Raben* (1967), 38 Ill.2d 223, 230 N.E.2d 831.

It is undisputed in the present case that the notice for quadrennial assessments was published subsequent to the filing dates for the Board of Appeals. It is also clear that objector relied upon this occurrence to excuse his failure to file a complaint with the Board and to waive his resort to seeking administrative relief. The trial court accepted this rationale by denying the collector's motion to dismiss. A recent decision of this court reveals that the court should have granted the collector's motion.

In the case of *In Re Application of Korzen* (1974), 20 Ill.App.3d 531, 314 N.E.2d 593, the collector applied for judgment and order of sale against certain real property for delinquency in the payment of general taxes. The trial court granted collector's motion to dismiss the objection on the basis of objector's failure to exhaust administrative remedies. Although there, as here, objector contended that she should have been excused from pursuing administrative review before the Board because the assessment list was published after the time for filing complaints with the Board had expired, we disagreed, stating at page 534:

"\* \* \* Objector did not attempt to file a complaint with the Board of Appeals. She does not allege that she was prevented from filing a complaint by fraud, accident, or mistake. (*People ex rel. Brittain v. Outwater, supra.*) In the case of *In re Application of County Collector, supra,* objectors alleged that they appeared at the office of the Board of Appeals on five separate occasions to file a complaint but were given a 'run around.' Nevertheless the court held they could not file their objection to the excessive valuation for the first time in an application for judgment and order of sale. The court noted that objectors should have compelled the Board of Appeals to hear their complaint by means of a mandamus action.

In the instant case the record is devoid of any allegation that objector attempted to file a complaint with the Board of Appeals. A demand upon the Board of Appeals to consider the complaint in the first instance would have been appropriate. (See *First National Bank v. Board of County Commissioners*, 264 U.S. 450.) Mandamus was not yet necessary. See *White v. Board of Appeals of Cook County*, 45 Ill.2d 378, 259 N.E.2d 51."

We reaffirm the reasoning and holding in *Korzen*. Consequently, collector's motion to dismiss the objection should have been granted.

Accordingly, the judgment of the circuit court of Cook County entered in the favor of the collector is affirmed.

Judgment affirmed.

McGLOON, P. J., and MEJDA, J., concur.