2019 IL App (1st) 190855-U
No. 1-19-0855
December 9, 2019

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ANDRZEJ PABIAN, | ) | Appeal from the Circuit Court |
| | ) | Of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PNC BANK, N.A., as successor in interest to | ) | No. 17 CH 15704 |
| MIDAMERICA BANK, FSB, NATIONAL | ) | |
| CITY MORTGAGE CAPITAL, LLC, and | ) | |
| NATIONAL CITY MORTGAGE CAPITAL | ) | |
| 2008-1 TRUST, | ) | The Honorable |
| | ) | Edward N. Robles, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Griffin and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1     *Held*:  *Res judicata* barred the plaintiff from pursuing causes of action that he could have raised as defenses in the defendant's prior lawsuit to foreclose a mortgage.

¶ 2     Andrzej Pabian sued PNC Bank and others for fraud, breach of fiduciary duties, and other causes of action, alleging that PNC had no valid interest in a mortgage that PNC had foreclosed.  The circuit court held that the *res judicata* effect of the foreclosure judgment

barred Pabian's complaint. In this appeal, Pabian argues that his complaint raised issues the foreclosure court did not address. Because the *res judicata* effect of a judgment extends to defenses the parties could have raised in the prior proceeding, and Pabian could have raised as affirmative defenses in the foreclosure case all causes of action stated in his complaint, we affirm the judgment dismissing the complaint under the doctrine of *res judicata*.

¶ 3                                    I. BACKGROUND

¶ 4        In 2005 MidAmerica Bank loaned Pabian $263,200 in exchange for a mortgage on Pabian's home in Downers Grove, Illinois. Pabian missed the mortgage payments due after February 2011, and PNC Bank filed a complaint to foreclose the mortgage. *PNC Bank v. Pabian*, 11 CH 23526. On May 12, 2016, the circuit court entered an order for foreclosure and sale of Pabian's home.

¶ 5        In November 2017, Pabian filed the complaint that initiated the lawsuit now on appeal. He first sought a temporary restraining order and a preliminary injunction to prevent the foreclosure sale. In December 2017, Pabian, *pro se*, filed a document he labeled "PLAINTIFFS' COMPLAINT FOR: LACK OF STANDING TO FORECLOSE, FRAUD IN THE CONCEALMENT, FRAUD IN THE INDUCEMENT, UNCONSCIONABLE CONTRACT, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, QUIET TITLE, SLANDER OF TITLE, TEMPORARY RESTRAINING ORDER/INJUNCTIVE RELIEF." Again he sought to prevent the foreclosure sale, along with damages for the fraud PNC and MidAmerica allegedly committed in pursuing foreclosure and in persuading Pabian to accept the loan and mortgage his home.

¶ 6    The circuit court in *PNC Bank v. Pabian* entered a final judgment dated August 8, 2018, approving the sale of Pabian's home and directing the sheriff to evict Pabian.  In *Pabian v. PNC Bank*, PNC filed a motion to dismiss Pabian's complaint as *res judicata*.  The circuit court granted PNC's motion on January 24, 2019, finding:

> "Each claim [of Pabian's complaint] rests on the contention that Pabian's mortgage on the subject property was wrongfully foreclosed.  ***

> * * *

> *** [T]he very facts that Pabian articulated (the validity of the mortgage, PNC's interests in the subject property, and PNC's right to foreclose) have already been addressed through the foreclosure. They arise from the same operative facts as the foreclosure case, and thus if this Court did not dismiss the complaint, the matter would be relitigated."

¶ 7    Pabian now appeals.

¶ 8                                  II. ANALYSIS

¶ 9    We review *de novo* the dismissal of a complaint as *res judicata*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 43.  Pabian argues that the complaint he filed in 2017 does not involve the same facts and issues as the foreclosure complaint, and therefore the circuit court should not have dismissed the complaint as *res judicata*.  He contends, in the alternative, that the circuit court should have found that fundamental fairness required relaxation of *res judicata* here.

¶ 10    Our supreme court stated the applicable principles:

"*Res judicata* is an equitable doctrine designed to prevent multiple lawsuits between the same parties where the facts and issues are the same. [Citation.] Under the doctrine, a final judgment on the merits rendered by a court of competent jurisdiction operates to bar a subsequent suit between the same parties and involving the same cause of action. [Citations.] In addition to the matters that were actually decided in the first action, the bar also applies to those matters that could have been decided in the prior suit. [Citations.] Three requirements must be satisfied for *res judicata* to apply: (1) the rendition of a final judgment on the merits by a court of competent jurisdiction; (2) the existence of an identity of cause of action; and (3) identity of the parties or their privies." *Lutkauskas*, 2015 IL 117090, ¶ 44.

¶ 11    As the appellate court explained, "*Res judicata* is premised on the notion that the law affords every man his day in court along with the opportunity to present his case on the issues involved. It also requires him to bring forth all grounds of recovery or defense that he has." *Pedigo v. Johnson*, 130 Ill. App. 3d 392, 395 (1985). "[R]*es judicata* bars all matters that were offered to sustain or defeat the claim in the first action, as well as all matters that *could* have been offered for that purpose." (Emphasis in original.) *Purmal v. Robert N. Wadington & Assoc.*, 354 Ill. App. 3d 715 (2004).

¶ 12    Pabian admits that the circuit court entered a final judgment in the foreclosure case, and the foreclosure case involved the same parties. He contends only that the court in the foreclosure case did not decide the same cause of action as the causes he advances in his

4

complaint. For instance, the foreclosure court did not address the claim that PNC had no valid interest in the mortgage and note.

¶ 13    In *Eighteen Investments Inc. v. NationsCredit Financial Services Corp.*, 376 Ill. App. 3d 527 (2007), NationsCredit foreclosed a mortgage on a property, and Eighteen Investments purchased the property at the foreclosure sale. Eighteen Investments filed a motion to vacate the judgment confirming the sale on grounds that the mortgage had been released prior to the sale, and, prior to the sale, NationsCredit had failed to notify all parties with an interest in the property, including a person living on the property who claimed full ownership. The circuit court denied the motion to vacate the judgment confirming the sale. Eighteen Investments then filed a complaint against NationsCredit, alleging fraud and seeking rescission of the sale because the sale documents misidentified the property, using an incorrect lot number and an incorrect property index number.

¶ 14    The circuit court dismissed the complaint as *res judicata*. The appellate court said:

> "[P]laintiff claims that the 'operative facts' in the two actions are different, because in the prior action it chose to move only on the basis of the mortgage release, while in this action it has chosen to move only on the basis of the wrong PIN and lot numbers ***.
>
> Plaintiff could have offered the wrong PIN and lot number as a basis to defeat the claim in the first action, but it failed to do so. *** Plaintiff's failure to offer all the possible facts in the first action that could have vacated the judicial sale does not give plaintiff another 'bite at the apple.' " *Eighteen Investments*, 376 Ill. App. 3d at 534.

5

¶ 15    In *Bernard Bros., Inc. v. Deibler*, 344 Ill. App. 222 (1951), a landlord obtained a judgment against a tenant for unpaid rent, and the tenant filed a complaint for an accounting and an injunction restraining the landlord from enforcing the lease. The tenant claimed the landlord "was [his] partner, and *** the lease was signed for his accommodation." *Bernard Bros.*, 344 Ill. App. at 226. The trial court entered a judgment for the tenant for part of the rents paid. The appellate court held:

> "In the prior proceeding, therefore, Bernard Bros., Inc., lessee, was obliged to present or otherwise forfeit any existing defense relieving it from liability for the payment of the rentals under the lease. The lessee, however, apparently preferred to rely solely upon the defense of impossibility of performance of an otherwise valid contract ***. *** [T]he lessee is now endeavoring in this proceeding to relitigate the lease, and present another defense, equally available in the original action ***. Such a proceeding must fail, since it is not only contrary to the aforementioned doctrine of *res judicata*, but to judicial policy against considering defenses piecemeal, and, therefore, plaintiff's complaint should properly have been dismissed." *Bernard Bros.*, 344 Ill. App. at 230.

¶ 16    Pabian had an opportunity to present as defenses to the foreclosure all of the claims raised in his complaint. Pabian recognized that the causes of action in his complaint served as defenses to the foreclosure, as he asked the court, in the complaint's prayer for relief, to declare any sale of the property void, to declare that PNC has no interest in the property, and to remove any cloud on Pabian's title to the property. Because Pabian could have raised

these claims as defenses in the foreclosure action, the circuit court correctly held that *res judicata* barred the complaint.

¶ 17    Pabian argues that even if defendants showed all three requirements for *res judicata*, the circuit court should have allowed the case to proceed in accord with the principle that "[a] court should not apply *res judicata* where it would be fundamentally unfair to do so." *Dookeran v. County of Cook*, 2013 IL App (1st) 111095, ¶43. Pabian does not explain what makes applying *res judicata* here fundamentally unfair. The fundamental fairness exception applies most frequently in criminal cases, especially where application of the rule would deny the defendant his constitutional rights. See, *e.g., People v. Somerville*, 42 Ill. 2d 1, 4-5 (1969). In civil cases, courts have applied the exception where "the application of the doctrine of *res judicata* *** would create an injustice by impermissibly infringing upon plaintiff's fundamental rights to a full remedy and to a trial by jury." *Weisman v. Schiller, Ducanto & Fleck*, 314 Ill. App. 3d 577, 581 (2000). "For example, *res judicata* does not apply to bar an independent claim of part of the same cause of action if the court in the first action expressly reserves the plaintiff's right to maintain the second action or the plaintiff is unable to obtain relief on his claim because of a restriction of the subject-matter jurisdiction of the court in the first action." *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 392-93 (2001).

¶ 18    Here, as in *Dookeran*, the plaintiff had a full and fair opportunity to litigate all of his claims in the original proceedings. See *Dookeran*, 2013 IL App (1st) 111095, ¶45. The threat of foreclosure should have motivated Pabian to present all the evidence he could assemble to show that PNC lacked title or that MidAmerica committed fraud. We find no

fundamental unfairness in requiring Pabian to present in the mortgage foreclosure action all grounds for denying PNC's request for foreclosure. The fundamental fairness exception to *res judicata* does not apply to the circumstances of this case.

¶ 19                                                          III. CONCLUSION

¶ 20        Because Pabian had an opportunity to present his claims against PNC and MidAmerica as defenses in the foreclosure case, we find that the *res judicata* effect of the final judgment in the foreclosure case bars Pabian's complaint. Accordingly, we affirm the circuit court's judgment.

¶ 21        Affirmed.