W. H. WATKINS, Appellant, *vs.* D. L. DUNBAR, Appellee.

*Opinion filed June 18, 1925—Rehearing denied October 9, 1925.*

1. PRACTICE—*effect of an appeal.* Where an appeal is perfected to an appellate court the circuit court loses jurisdiction of the case, all proceedings in that court are stayed, and it has no authority to enter any order until the case is properly re-instated.

2. SAME—*effect where judgment is affirmed.* If an appeal is dismissed or a judgment affirmed the case is re-instated by filing a certified copy of the order of the court of review in the office of the clerk of the court from which the case was originally removed, and execution may issue and other proceedings may be had on the original judgment in all respects as if no appeal had been prosecuted.

3. SAME—*effect where judgment is reversed and the cause remanded.* Where a judgment is reversed and the cause is remanded

by a court of review for a new trial in the court from which the case was removed, the case is re-instated in the court of origin by filing with the clerk of such court a transcript of the remanding order, and the reversal abrogates the judgment being reviewed, and the parties to the action are in the same position as if no judgment had ever been rendered in the trial court.

4. SAME—*effect where judgment is reversed without remanding—replevin.* Where a judgment is reversed and there is no remanding order the cause cannot be re-instated in the court which entered the judgment from which the appeal was taken, and where the Appellate Court, on appeal in an action of replevin, reverses the judgment for the plaintiff without remanding the cause and without adding to the judgment of reversal an order for a writ of *retorno habendo,* the trial court has no authority to re-instate the case and enter an order for the return of the property.

5. COURTS—*power of the court to correct its own errors.* The power is inherent in every court while the subject of controversy is in its custody, either in the original instance or upon remandment to it by an appellate tribunal and while the parties are before it, to correct its own errors and restore, as far as possible, the parties to their former position, but the power to make a valid order cannot survive the loss of jurisdiction.

HEARD, J., took no part.

APPEAL from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding.

LESLIE J. TAYLOR, for appellant.

HOGAN & REESE, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

At the November term, 1921, of the circuit court of Christian county the Mt. Auburn State Bank recovered a judgment against Grover C. Watkins. An execution was issued thereon, and D. L. Dunbar, sheriff of Christian county, levied upon certain of his property. W. H. Watkins, appellant, who is the father of Grover, claimed to be

the owner of the property taken under the execution by virtue of a foreclosure sale under a chattel mortgage given by his son. In June, 1922, W. H. Watkins brought his action of replevin against Dunbar to recover the property in question. A jury was waived, and after a hearing in the circuit court judgment was entered at the March term, 1923, in favor of Watkins. From that judgment an appeal was prosecuted to the Appellate Court for the Third District, and there the judgment of the circuit court was reversed, and there was incorporated in the judgment order a finding that the chattel mortgage was void as against the rights of the Mt. Auburn State Bank, and that Dunbar was entitled to the possession of the property by virtue of the levy made by him under the execution. (*Watkins* v. *Dunbar,* 232 Ill. App. 1.) August 20, 1924, a certified copy of the judgment of the Appellate Court was filed in the office of the clerk of the circuit court of Christian county. Thereafter, on motion of the attorneys for the Mt. Auburn State Bank, the cause was re-docketed in the circuit court and a motion made for a judgment "in accordance with the decision and mandate of the Appellate Court." During the November term, 1924, this motion was allowed and a judgment was entered ordering "that the defendant do have and recover of and from the plaintiff the possession of the property mentioned and described in the writ of replevin, etc." Thereupon the clerk of the circuit court issued a writ of *retorno habendo* and *fieri facias* directed to the coroner, commanding her to cause the property described to be returned to "Andrew Flesher, sheriff, successor in office to D. L. Dunbar," and to make of the property of W. H. Watkins $16.65 for costs. Watkins filed in the circuit court his motion to set aside the order entered and to recall the writ. The motion was denied, and this appeal was prosecuted directly to this court upon the ground that the property of appellant is by the judgment of the circuit court taken without due process of law in violation of the constitution.

When the appeal from the judgment in the replevin case was perfected in the Appellate Court the circuit court of Christian county lost jurisdiction of the case and all proceedings in that court were stayed. (*People* v. *Pam*, 276 Ill. 181; *Smith* v. *Chytraus*, 152 id. 664.) There being no case pending in the circuit court that court had no authority to enter any order in the cause until it was properly reinstated. (*Flaherty* v. *McCormick*, 123 Ill. 525.) If an appeal is dismissed or a judgment affirmed the case is reinstated by filing a certified copy of the order of the court of review in the office of the clerk of the court from which the case was originally removed, and execution may issue and other proceedings may be had on the original judgment in all respects as if no appeal had been prosecuted. (Practice act, sec. 112; *People* v. *Wadlow*, 166 Ill. 119; *Smith* v. *Stevens*, 133 id. 183.) If the judgment is reversed and the cause remanded by the court of review for a new trial in the court from which such case was removed, the case is re-instated in the court of origin by filing with the clerk of such court a transcript of the remanding order. (Practice act, sec. 113; *Austin* v. *Dufour*, 110 Ill. 85.) A judgment of reversal abrogates the judgment being reviewed, and the parties to the action are in the same position as if no judgment had ever been rendered. (*Ure* v. *Ure*, 223 Ill. 454; *Tarleton* v. *Goldthwaite's Heirs*, 23 Ala. 346, 58 Am. Dec. 296.) Where the judgment is reversed and there is no order remanding the case it cannot be re-instated in the court which entered the judgment from which the appeal was taken. Whether the judgment of the Appellate Court is right or wrong, or whether the Appellate Court should have added to the judgment of reversal an order for a writ of *retorno habendo,* are questions not here for review. Grant that the judgment of the Appellate Court is incomplete, the circuit court has no power to cure the omission. In *Lill* v. *Stookey*, 72 Ill. 495, a replevin suit was dismissed for want of a declaration and a judgment rendered against

the plaintiff for costs but the court omitted to order a writ of *retorno habendo.* At a subsequent term there was a motion in the same court to so amend the record as to find the property in the defendant and to order a writ for its return. This motion was allowed, and on review this court held that the fact that the circuit court, at the time of dismissing the original action, had the power to award a writ of *retorno habendo* did not authorize it to modify its judgment at a subsequent term by supplying the omission. There is no doubt about appellee's right to have restored to him the property taken by appellant on reversal of the judgment entered in the replevin case, (*Field* v. *Anderson,* 103 Ill. 403; *McJilton* v. *Love,* 13 id. 486; *Coleman* v. *Doe,* 2 Scam. 251; 2 Tidd's Prac. \*1186;) but in order to have a judgment of restitution entered, an application for it must be made in a court where the cause is pending and which has jurisdiction of the parties. (*Anheuser-Busch Brewing Ass'n* v. *Hier,* 55 Neb. 557, 75 N. W. 1111.) The power is inherent in every court while the subject of controversy is in its custody, either in the first instance or when remanded to it by an appellate tribunal and while the parties are before it, to correct its errors and to restore, so far as possible, the parties to their former position, (*Northwestern Fuel Co.* v. *Brock,* 139 U. S. 216, 11 Sup. Ct. 523,) but the power to make a valid order cannot survive the loss of jurisdiction. There was no case pending in the circuit court of Christian county when the judgment for a return of the property in question and for costs was entered against appellant, and the order entered by the circuit court is *coram non judice.*

The judgment entered at the November term, 1924, being unauthorized, it is reversed.          *Judgment reversed.*

Mr. JUSTICE HEARD took no part in this decision.