SECOND DIVISION
March 30, 2007

Nos. 1-06-1274 and 1-06-2637, Consolidated

| | | |
|---|---|---|
| DALAN/JUPITER, INC., for the use and benefit of JRC MIDWAY MARKETPLACE, L.P., | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| DRAPER AND KRAMER, INC., | ) ) | Honorable Stuart A. Nudelman, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

In law, as in life, missed opportunities can prove costly. Here, the question is whether the appellant's failure to raise the issue of its entitlement to attorney fees and costs in a contract dispute in this court bars it from asking the trial court to award fees and costs provided for in the contract.

We hold the doctrine of res judicata bars the appellant's claim for fees and costs. In the second issue in this consolidated appeal, we affirm the trial court's award of attorney fees to the appellee for a discovery sanction, but modify the amount.

FACTS

Res Judicata

1-06-1274)
1-06-2637)Cons.

In 1994, Draper and Kramer, Inc. (Draper) filed a breach of contract action against Dalan/Jupiter, Inc. (Dalan) and Trammell Crow Company Houston, Inc. (Trammell), alleging Dalan and Trammell failed to pay a commission due under a mortgage brokerage agreement. After a bench trial, the trial court ruled in favor of Draper against both defendants and awarded it $550,252.22, including attorney fees. Dalan did not request attorney fees in any of its pleadings in that lawsuit.

On appeal, this court reversed, finding the defendants did not breach the agreement. There was no remand. Draper & Kramer, Inc. v. Dalan/Jupiter, No. 1-00-3592 (2001) (unpublished order under Supreme Court Rule 23). In its briefs in this court, Dalan did not request a remand to decide the issue of attorney fees. Nor did it file a petition to request a remand within 21 days of the reversal. Draper's petition for leave to appeal to the Supreme Court was denied. The mandate was filed in the trial court on January 9, 2002.

Within 30 days of the filing of the mandate, Trammell filed a petition for fees and costs under the prevailing party clause of its contract with Draper. The clause states:

> "[i]n the event of any controversy, claim or
> dispute between the undersigned parties

2

> arising out of or relating to this agreement
> or the breach hereof, the prevailing party
> shall be entitled to recover from the losing
> party, reasonable expenses, attorneys' fees
> and costs."

On April 16, 2002, Dalan filed its own petition in the trial court for attorney fees and costs "for the use of JRC Midway Marketplace, L.P."  Dalan based its petition on the prevailing party clause in the agreement between Draper and Trammell. Draper filed a motion for summary judgment, contending, among other things, Dalan never was a party to the agreement, its petition was not timely filed, and it waived the right to seek fees and costs.

On February 21, 2003, the trial court entered an order stating:

> "This matter coming to be heard on Draper and
> Kramer's motion for summary judgment denying
> the Petition of Dalan/Jupiter for the use of
> JRC Midway Marketplace for Attorneys' Fees
> and Costs, it is ordered:
>
> 1. That the Court finds that it does not have
> jurisdiction over Dalan/Jupiter's Petition

3

> because it was not timely filed, and thus
> sees no reason to pass on the other issues
> presented by Draper and Kramer's petition
> and, on that basis denies Dalan/Jupiter's
> Petition;
>
> 2. This Court makes no findings through this
> Order against [Trammell].
>
> 3. This matter is set for case management
> status on March 26, 2003 at 9:20 a.m."

Dalan did not file a motion for reconsideration of the order.

On March 20, 2003, Dalan filed a notice of appeal of the February 21, 2003, order. Dalan did not seek a Rule 304(a) finding to allow for the immediate appeal of the order. Draper moved to dismiss the appeal on the grounds that the order was neither final nor appealable because Trammell's fee petition was pending. On June 2, 2003, this court dismissed Dalan's appeal and remanded to the circuit court.

On July 13, 2005, the trial court entered an order dismissing with prejudice the underlying litigation.

Earlier, on May 20, 2003, Dalan had filed a lawsuit against Draper. This is the lawsuit that gives rise to this appeal. On April 8, 2004, it filed its First Amended Complaint, including

4

separate counts for breach of contract, subrogation, and unjust enrichment.  All three counts are based on the prevailing party clause in the February 18, 1991, Engagement Agreement between Draper and "TCC," defined in the agreement as "Trammell Crow Company, its successors, assigns and/or related entities."  In its brief, Dalan admits its lawsuit alleges "the <u>same claims pled in its fee petition in the Prior Lawsuit</u> but adding as Count III a claim for unjust enrichment."  (Emphasis added.)  In the unjust enrichment count, Dalan alleges Draper would be unjustly enriched if it were not required to pay all the attorney fees and costs Dalan incurred in defending Trammell, including fees and costs incurred by Dalan and paid by JRC.  Dalan requests attorney fees and costs in the amount of $318,020.89, plus costs and fees incurred in the instant lawsuit.

On November 23, 2004, Draper filed a motion for summary judgment, contending Dalan had admitted before the court there was no contract between it and Draper, and the absence of separate counsel for Trammell could not be deemed a benefit that Draper voluntarily accepted.

On February 3, 2005, the court granted Draper's motion as to the unjust enrichment count, but denied the motion as to the breach of contract and subrogation counts.

On October 26, 2005, Draper filed a motion for summary judgment based on res judicata.  On the same date, Dalan filed a motion for summary judgment as to liability on Counts I and II of its First Amended Complaint.

On April 6, 2006, the court entered an order granting Draper's motion for summary judgment based only on res judicata and denying Dalan's motion for summary judgment on liability.

On April 27, 2006, Dalan filed its notice of appeal from the April 6, 2006, order, requesting that this court reverse the grant of summary judgment for Draper, grant summary judgment as to liability in favor of Dalan on Count I, and remand to the circuit court.

Discovery Violation Sanction

On January 4, 2005, Draper filed a motion to bar witnesses at trial based on Dalan's failure to identify any witnesses who would testify at trial, despite two court orders requiring it to do so.

On March 21, 2005, the court entered an order: (1) allowing Dalan to designate Henry Krasnow as its expert witness and allowing Draper to take Krasnow's deposition within 30 days; (2) allowing Dalan to designate Michael Pompizzi and Henry Krasnow as its Rule 213 witnesses; and (3) ordering Dalan to pay as a

sanction the attorney fees and costs for bringing Draper's motion and Draper's deposition of Krasnow. Pursuant to the order, Draper filed its petition for fees and costs.

At the hearing on the petition, Draper's attorney, Steven Roeder, testified about the basis for the fees and offered his opinion about the reasonableness of the fees. Dalan's counsel did not cross-examine Roeder, nor did Dalan present any witnesses to rebut the evidence. The court granted Draper's fee petition in its entirety, awarding Draper $15,928.35 in fees and costs.

Dalan filed a notice of appeal from the order, asking this court to reverse the fee award to Draper. In the same notice of appeal, Dalan asked this court to reverse the trial court's February 3, 2005, entry of summary judgment for Draper on Count III of Dalan's First Amended Complaint. Dalan's two notices of appeal were consolidated.

DECISION

I. Res Judicata

Our review of the trial court's grant of summary judgment is de novo. Chatham Foot Specialists, P.C. v. Health Care Service Corp., 216 Ill. 2d 366, 376, 837 N.E.2d 48 (2005). We may affirm the trial court's judgment on any ground appearing in the record, regardless of the actual reasoning or grounds relied on by the

court.  Kostal v. Pinkus Dermatopathology Laboratory, P.C., 357 Ill. App. 3d 381, 384, 827 N.E.2d 1031 (2005).

"The doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." Nowak v. St. Rita High School, 197 Ill. 2d 381, 389, 757 N.E.2d 471 (2001).  Res judicata is conclusive as to any matter that was offered to sustain or defeat the claim or demand, as well as any other matter that might have been offered for that purpose. Nowak, 197 Ill. 2d at 389; Housing Authority for LaSalle County v. YMCA of Ottawa, 101 Ill. 2d 246, 251-52, 461 N.E.2d 959 (1984); Sarno v. Thermen, 239 Ill. App. 3d 1034, 1045, 608 N.E.2d 11 (1992).

For the doctrine to apply, three requirements must be met: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of parties or their privies.  Nowak, 197 Ill. 2d at 390.

A judgment is not res judicata unless it is rendered on the merits.  Russell v. Klein, 46 Ill. App. 3d 660, 663, 361 N.E.2d

8

65 (1977). A judgment is not on the merits when it is based solely on a lack of subject matter jurisdiction. <u>River Park, Inc. v. City of Highland Park</u>, 184 Ill. 2d 290, 303, 703 N.E.2d 883 (1998).

The parties agree there is an identity of parties and an identity of causes of action--at least for the breach of contract and subrogation counts. The issue is whether there was a final judgment on the merits rendered by a court of competent jurisdiction. Dalan contends that because the trial court said it did not have jurisdiction to consider the merits of its fee petition, the court's February 23, 2003, order can have no <u>res judicata</u> effect on a separate lawsuit alleging the same claims for fees.

The February 23, 2003, order does not control this case. When we reversed the trial court's judgment in 2001, we did not remand the case to the trial court. The trial court had no jurisdiction to consider Dalan's fee petition or any other matters pertaining to the case. Supreme Court Rule 369(b) provides "other proceedings may be conducted" on the filing of the mandate in the circuit court following dismissal of an appeal or an affirmance by the reviewing court. 134 Ill. 2d R. 369(b). Rule 369(b) embodies the Illinois Supreme Court's holding in

9

1-06-1274)
1-06-2637)Cons.

Watkins v. Dunbar, 318 Ill. 174, 149 N.E. 14 (1925).  See Russell
v. Klein, 46 Ill. App. 3d 660, 664-65, 361 N.E.2d 65 (1977).  It
does not apply to reversal without remand.  Rule 369(c) provides
for reinstatement of a case in the circuit court following remand
for a new trial or hearing.  134 Ill. 2d R. 369(c).

In Watkins, the court held that where a judgment is
reversed, and the cause remanded, the case is reinstated by
filing a transcript of the remanding order with the clerk of
court.  Watkins, 318 Ill. at 177.  However, where a judgment is
reversed with no order remanding the case, "it cannot be
reinstated in the court which entered the judgment from which the
appeal was taken***"  (Emphasis added.)  Watkins, 318 Ill. at
177.  In other words, following a reversal without remand, the
trial court is not revested with jurisdiction over the case.

We see no reason to depart from the holding in Watkins.  See
Russell, 46 Ill. App. 3d at 664 (noting  Rule 369(b) embodies the
principle of law enunciated by the court in Watkins); Perrin v.
Pioneer National Title Insurance Co., 108 Ill. App. 3d 181, 185,
438 N.E.2d 1359 (1982) (same); but see Coldwell Banker Havens,
Inc. v. Renfro, 288 Ill. App. 3d 442, 445, 679 N.E.2d 1299
(1997), where the court allowed a fee petition to go forward
where it was filed within 30 days of the appellate court's

10

reversal without remand, the party having requested fees in its counterclaim.  We believe the court in <u>Coldwell Banker</u> misread Rule 369(b).

We find this case fits squarely within the doctrine of <u>res judicata</u>, for a reason different from that relied on by Draper and by the trial court.  The trial court's February 21, 2003, order was not a "final judgment on the merits by a court of competent jurisdiction" because by that time the court had lost subject matter jurisdiction over the case.  However, our July 25, 2001, decision <u>was</u> a final decision on the merits.

In the first appeal, following the trial court's judgment in favor of Draper, Dalan could have requested that this court remand the case to the trial court to consider Dalan's claim for fees.  We take judicial notice of Dalan's briefs in that appeal.  Dalan asked only to "reverse the judgment of the trial court and remand with directions to enter judgment in favor of Dalan."  There was no mention of Dalan's fees.  Furthermore, Dalan argued in its briefs that both parties were prevailing parties and were not entitled to fees.  Then it argued that neither party was a prevailing party.  Its arguments were directed solely at the attorney fees awarded to Draper.  Dalan never indicated it might be entitled to fees.

1-06-1274)
1-06-2637)Cons.

Then, Dalan had an opportunity, within 21 days of our reversal, to file a petition for rehearing requesting that we amend our mandate to remand the case for consideration of attorney fees.  Instead, Dalan waited to file its petition in the trial court until three months after our mandate had been filed.  See People v. Lyles, 217 Ill. 2d 210, 216-17, 840 N.E.2d 1187 (2005) (following the elapse of the time for filing a petition for rehearing, an appellate court is without jurisdiction to take further action in the case).  Then, when the trial court dismissed its petition, Dalan tried for another "bite at the apple" by filing a collateral complaint directed at the same fees.  See Peregrine Financial Group, Inc. v. Ambuehl, 309 Ill. App. 3d 101, 109, 722 N.E.2d 723 (1999).  We decline to allow Dalan this opportunity.  See Mann v. Rowland, 342 Ill. App. 3d 827, 835, 795 N.E.2d 924 (2003) (proper recourse to challenge voluntary dismissal in a federal district court was in the district court or a federal appeals court, not in a subsequent state court suit).

Res judicata is an equitable doctrine designed to prevent a multiplicity of lawsuits between the same parties where the facts and issues are the same.  Piagentini v. Ford Motor Co., 366 Ill. App. 3d 395, 398, 852 N.E.2d 356 (2006).  The doctrine "promotes judicial economy by preventing repetitive litigation and also

12

protects parties from being forced to bear the unjust burden of relitigating essentially the same case." <u>Arvia v. Madigan</u>, 209 Ill. 2d 520, 533, 809 N.E.2d 88 (2004). Allowing Dalan to take advantage of the trial court's loss of jurisdiction to file a separate claim for fees is not consistent with equitable principles.

Our decision does not rest on Dalan's failure to file a counterclaim for fees in the first lawsuit. We recognize counterclaims in Illinois are permissive, not mandatory. 735 ILCS 5/2-608(a) (West 2000). We rely on the failure to raise the fees issue in the first appeal, before and after our decision to reverse without remand. Our supreme court, applying the transactional test for <u>res judicata</u>, has held a party's failure to raise claims it could have raised in another, substantially identical case, even though there was a chance the claims might have been dismissed for lack of jurisdiction, raises the bar of <u>res judicata</u> for those claims. <u>River Park, Inc. v. City of Highland Park</u>, 184 Ill. 2d 290, 318-19, 703 N.E.2d 883 (1998).

We affirm the trial court's grant of summary judgment as to Counts I and II of Dalan's First Amended Complaint.

We find Count III of Dalan's First Amended Complaint, for unjust enrichment, also is barred by <u>res judicata</u>. To determine

13

whether there is an identity of causes of action, Illinois courts employ a "transactional" test. Under this test, separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. River Park, 184 Ill. 2d at 307; Corcoran-Hakala v. Dowd, 362 Ill. App. 3d 523, 526, 840 N.E.2d 286 (2005).

The unjust enrichment count of Dalan's complaint seeks the same relief, based on the same set of operative facts, as the breach of contract and subrogation counts. There was nothing to prevent Dalan from raising an unjust enrichment claim in the first appeal.

## II. Discovery Violation

Whether a party is guilty of a discovery violation is an issue of law, which we review de novo. People v. Hood, 213 Ill. 2d 244, 256, 821 N.E.2d 258 (2004). A trial court's decision as to the appropriate sanction for a discovery violation is subject to review for an abuse of discretion. Hood, 213 Ill. 2d at 256.

Dalan contends it did not commit a discovery violation for which sanctions were warranted. The trial court imposed sanctions pursuant to Supreme Court Rule 219(c) for violating Rule 213(f), which provides: "Upon written interrogatory, a party

14

must furnish the identities and addresses of witnesses who will testify at trial." Official Reports Advance Sheet No. 8 (April 17, 2002), R. 213(f), eff. July 1, 2002. Parties must identify the subjects on which lay witnesses and expert witnesses will testify, and, for expert testimony, the opinions the party expects to elicit.

Supreme Court Rule 213 disclosures are mandatory and must be strictly followed, both by the parties and by the court imposing the rules. Foley v. Fletcher, 361 Ill. App. 3d 39, 46-47, 836 N.E.2d 667 (2005); McGovern v. Kaneshiro, 337 Ill. App. 3d 24, 34, 785 N.E.2d 108 (2003). The goals of these discovery rules are "to avoid surprise and discourage tactical gamesmanship." McGovern, 337 Ill. App. 3d at 34.

Dalan challenges the validity of Supreme Court Rule 213(f), contending it expressly conflicts with section 2-1003(c) of the Code of Civil Procedure. Section 2-1003(c) provides: "A party shall not be required to furnish the names or addresses of his or her witnesses, except that upon motion of any party disclosure of the identity of expert witnesses shall be made***" 735 ILCS 5/2-1003(c) (West 2004).

We reject Dalan's contention. It is well settled in Illinois that where a supreme court rule conflicts with a statute

1-06-1274)
1-06-2637)Cons.

on the same subject, "the rule will prevail." O'Connell v. St. Francis Hospital, 112 Ill. 2d 273, 281, 492 N.E.2d 1322 (1986); People v. Cox, 82 Ill. 2d 268, 274, 412 N.E.2d 541 (1980).

Alternatively, Dalan contends that even if its failure to identify its trial witnesses was a violation of discovery rules, the trial court abused its discretion in imposing sanctions because Draper was not prejudiced. The appropriate sanction, if any, to be imposed for a party's failure to list a witness in response to a proper interrogatory is within the discretion of the trial court. Boatmen's National Bank of Belleville v. Martin, 155 Ill. 2d 305, 314, 614 N.E.2d 1194 (1993). In its answers to Draper's First Set of Interrogatories and Requests to Produce, Dalan was asked to identify the witnesses it intended to call at trial. Dalan answered: "Plaintiff has not yet determined what witnesses it intends to call at the trial of this case."

Dalan says its answer to another question was sufficient to apprise Draper of the witnesses it intended to call at trial. It identified E. Michael Pompizzi and Henry C. Krasnow as "individuals with any knowledge about any allegations of the complaint, or any aspects of defendant's answer, or any defense." We disagree. Dalan failed to answer the question that was asked--which witnesses it intended to call at trial. We find no error

16

in the trial court's decision to award sanctions.  Rule 213 is mandatory, and Dalan failed to strictly comply with the rule by refusing to answer the interrogatory until it essentially was forced to do so.

Dalan contends the trial court abused its discretion in awarding Draper the exact amount of fees it requested.  Given that Dalan declined to cross-examine Draper's witness at the hearing, and failed to present any evidence to rebut the evidence offered by Draper, we find no abuse of discretion in the trial court's decision--with one exception.  As the petitioning party, the burden of proof was on Draper to establish the value of its attorney fees, and it did so.  We do find the court abused its discretion in awarding $4,000 for the deposition of Krasnow.  We believe that amount was disproportional to the discovery violation by Dalan.  A more appropriate amount would have been $1,000.  Accordingly, we modify the court's award, reducing the amount of fees and costs awarded to Draper by $3,000, for a total of $12,928.35.

Conclusion

We affirm the trial court's grant of summary judgment in favor of Draper on Dalan's complaint.  We decline to rule on Dalan's claim it should have been granted summary judgment as to liability on Count I.  We modify the court's order awarding

17

1-06-1274)
1-06-2637)Cons.

attorney fees to Draper, changing the total amount to $12,928.35.

     Affirmed as modified.

     HOFFMAN, and SOUTH, JJ., concur.