# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*McNeil v. Ketchens*, 2011 IL App (4th) 110253

| | |
|---|---|
| Appellate Court Caption | ROSS E. McNEIL and LESLIE K. McNEIL, Plaintiffs-Appellees, v. MILORAD P. KETCHENS and UNKNOWN OWNERS AND NONRECORD CLAIMANTS, Defendants-Appellants. |
| District & No. | Fourth District<br>Docket No. 4-11-0253 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | November 30, 2011<br><br>January 6, 2012<br>November 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's order declaring that defendant was not the owner of the disputed part of the driveway at plaintiffs' residence, that plaintiffs did not acquire the tract by deed, but that they had acquired it by adverse possession was upheld by the appellate court, which rejected defendant's contention, *inter alia*, that the trial court lacked jurisdiction to enter the order in the absence of a remand from the appellate court in an earlier action involving the same matter. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 98-CH-235; the Hon. Harry E. Clem, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Richard J. Whitney (argued), of Speir & Whitney, of Carbondale, for
appellants.

Frederic M. Grosser (argued), of Champaign, for appellees.

Panel

JUSTICE APPLETON delivered the judgment of the court, with opinion.
Justice Pope concurred in the judgment and opinion.
Justice Turner specially concurred, with opinion.

## OPINION

¶ 1     Plaintiffs, Ross E. McNeil and Leslie K. McNeil, and one of the defendants, Milorad P. Ketchens, had a dispute over who owned a narrow triangle-shaped piece of the driveway at 609 West Stoughton Street in Urbana. In *McNeil v. Ketchens*, 397 Ill. App. 3d 375, 395 (2010), we resolved the dispute by holding that although the McNeils had not acquired this sliver of land by deed, they had acquired it by adverse possession. Accordingly, we affirmed the trial court's judgment in part and reversed it in part, without remanding the case.

¶ 2     After we issued our mandate, the trial court entered two orders on February 25, 2011, with the intent of implementing our mandate. One of the orders, entitled "Judgment Order," pertained to Ketchens. The other order, entitled "Default Judgment Order," pertained to the "unknown owners and nonrecord claimants." Ketchens appeals from both orders–which we affirm, not only because the orders caused him no prejudice, considering that they merely echoed our holdings in *McNeil*, but also because *res judicata* bars him from relitigating the ownership of the land. Therefore, we affirm the trial court's judgment.

¶ 3                                   I. BACKGROUND

¶ 4     As we said, the McNeils and Ketchens were in a dispute over who owned a narrow wedge-shaped piece of the driveway at 609 West Stoughton Street in Urbana. *McNeil*, 397 Ill. App. 3d at 377. As in *McNeil*, we will call this sliver of land "Tract A." *Id.* at 379. It had the following legal description:

   " 'Commencing at the North East corner of Lot Two (2) Block Ten (10) of J.W. Sim's Jr. addition to Urbana, running thence in a Northerly direction parallel with the East line of Lot Five (5) of a subdivision of lot Thirty-five (35) of a subdivision of the South West Quarter of the south West Quarter of Section Eight (8) Township Nineteen (19) North Range Nine (9) East 3rd P.M. thence North 84.7 feet to the North East corner of Lot Five (5) of said subdivision thence running in a Westerly direction 13.11 feet parallel with the North line of Lot Five (5) of said subdivision thence South to the point of beginning.' "

*Id.* at 380.

¶ 5    Tract A, legally described above, had always been part of the driveway that skirted the west side of the house at 609 West Stoughton Street, Urbana, where the McNeils lived. *McNeil*, 397 Ill. App. 3d at 379. The driveway went in a straight line from the street to the McNeils' garage, and the McNeils were under the impression that 100% of the driveway belonged to them. *Id.* at 385. On January 4, 1998, however, Ketchens parked his car on the portion of the driveway corresponding to Tract A, and he refused to move his car, claiming that Tract A belonged to him. *Id.* at 377. Apparently, he intended to acquire ownership of Tract A through adverse possession, together with payment of taxes, for seven years (see 735 ILCS 5/13-109 (West 1998)). *Id.* at 381.

¶ 6    On December 22, 1998, to head off this gambit, the McNeils filed a civil complaint against Ketchens, and they also named all "unknown owners and nonrecord claimants." Count I of the complaint sought a declaratory judgment that Ketchens was not the owner of Tract A. *McNeil*, 397 Ill. App. 3d at 377. Count II sought a judgment quieting title in the McNeils on the theory that they had acquired Tract A by their purchase of 609 West Stoughton Street. *Id.* Count III (added to the complaint by amendment) sought a declaratory judgment that the McNeils had acquired Tract A by adverse possession for 20 years. *Id.*

¶ 7    In a bench trial, the trial court found that the McNeils had not acquired the title to Tract A by their purchase of 609 West Stoughton Street (*McNeil*, 397 Ill. App. 3d at 385) and that they had not carried their burden of proving adverse possession for 20 years (*id.* at 386). Because the court found that the McNeils lacked an ownership interest in Tract A, it concluded that they lacked standing to seek a declaratory judgment that Ketchens was not the owner of Tract A. *Id.* In short, the court found against the McNeils on all three counts of their amended complaint.

¶ 8    The McNeils appealed, and on January 6, 2010, we affirmed the trial court's judgment in part and reversed it in part. *McNeil*, 397 Ill. App. 3d at 403. We affirmed the judgment with respect to count II, reasoning that because the legal description in the deed to the McNeils did not include Tract A, the McNeils could not have acquired Tract A by virtue of that deed–as the trial court had correctly observed. *Id.* at 377.

¶ 9    Nevertheless, we reversed the trial court's judgment with respect to counts I and III. *Id.* at 378. We concluded that the court was incorrect, as a matter of law, in holding that the McNeils' predecessors in title, Gilbert P. Haight, Jr., and Shirley Haight, had abandoned Tract A by moving out of 609 West Stoughton Street in order that a buyer of the house could move in. *Id.* at 396. As a matter of law, this temporary vacation of the premises was not an abandonment. *Id.* Absent the supposed abandonment, the McNeils and their predecessors did adversely possess Tract A for 20 years, because Tract A was part of the driveway, which, for decades, had visibly led from the street to the garage. *Id.* at 378. Thus, as the owners of Tract A by adverse possession, the McNeils had standing to contest Ketchens's ownership of Tract A. And he had no ownership interest in Tract A because he had not possessed it, without interruption, for seven years while paying the taxes thereon, as section 13-109 of the Code of Civil Procedure (735 ILCS 5/13-109 (West 1998)) required. *McNeil*, 397 Ill. App. 3d at 401.

¶ 10    Our reversal of counts I and III and our affirmance of count II resulted in the following:

   (1) Milorad P. Ketchens has no ownership interest in Tract A, by adverse possession or otherwise;

   (2) Ross E. McNeil and Leslie K. McNeil acquired no ownership interest in Tract A by deed; and

   (3) Ross E. McNeil and Leslie K. McNeil nevertheless are the legal owners of Tract A, in fee simple absolute, by adverse possession.

¶ 11    On May 26, 2010, the supreme court denied leave to appeal (*McNeil v. Ketchens*, 236 Ill. 2d 556 (2010)), and on July 8, 2010, we issued our mandate.

¶ 12    On February 25, 2011, on the basis of our decision in *McNeil*, the trial court entered two orders. The first order was entitled "Judgment Order," and it declared that (1) Ketchens was not the owner of Tract A; (2) the McNeils had not acquired Tract A by deed; and (3) the McNeils had acquired Tract A, however, by adverse possession–precisely our holdings in *McNeil*.

¶ 13    The second order was entitled "Default Judgment Order," and therein the trial court entered judgment against the McNeils and in favor of unknown owners and nonrecord claimants on count II of the amended complaint, and the court entered a default judgment in the McNeils' favor and against unknown owners and nonrecord claimants on counts I and III of the amended complaint. In other words, the "Default Judgment Order" applied the three holdings in the "Judgment Order" to the unknown owners and nonrecord claimants.

¶ 14    Ketchens appeals from both the "Judgment Order" and the "Default Judgment Order."


¶ 15                                II. ANALYSIS

¶ 16        A. The McNeils' Motion To Strike Issue No. 1 From Ketchens's Brief

¶ 17    The McNeils have filed a motion to strike issue No. 1 from Ketchens's brief because that issue seeks a reconsideration of our decision in *McNeil*. Issue No. 1 is whether we should "amend" our holding in *McNeil*, 397 Ill. App. 3d at 395, that Ketchens lacks any ownership interest in Tract A. Ketchens claims he can prove, by "new evidence," that he acquired Tract A by adverse possession pursuant to section 13-109 of the Code of Civil Procedure (735 ILCS 5/13-109 (West 1998)), and he argues that an exception to the doctrine of the law of the case allows us to correct what he calls a "palpable error" in *McNeil*, namely, the holding therein that he has no ownership interest in Tract A.

¶ 18    We grant the McNeils's motion to strike issue No. 1 from Ketchens's brief. We held, in *McNeil*, 397 Ill. App. 3d at 401, that Ketchens had no ownership interest in Tract A, by adverse possession or otherwise, and that holding is *res judicata* as to Ketchens. See *Dalan/Jupiter, Inc. v. Draper & Kramer, Inc.*, 372 Ill. App. 3d 362, 366-67 (2007). Because *McNeil* is no longer subject to the appellate process, the discretionary doctrine of the law of the case (*People v. McDonald*, 366 Ill. App. 3d 243, 248 (2006)) has been superseded by the nondiscretionary doctrine of *res judicata* (*Newberry Library v. Board of Education of the City of Chicago*, 390 Ill. 48, 52 (1945)). See *In re Marriage of Lehr*, 317 Ill. App. 3d 853, 860 (2000); *Robertson v. Winnebago County Forest Preserve District*, 301 Ill. App. 3d 520,

528 (1998).

¶ 19 **B. Issue No. 2 in Ketchens's Brief:**
**Conducting Further Proceedings in the Absence of a Remand**

¶ 20 On the authority of *Watkins v. Dunbar*, 318 Ill. 174, 177 (1925), and *Dalan/Jupiter*, 372 Ill. App. 3d at 367, Ketchens argues that because we did not remand the case in *McNeil*, the trial court lacked jurisdiction to enter any further orders in this case: specifically, the "Judgment Order" and "Default Judgment Order" that the court entered on February 25, 2011.

¶ 21 On the contrary, the trial court had *jurisdiction* after the issuance of our opinion in *McNeil*, because *McNeil* was more than a reversal: it was an affirmance in part and a reversal in part. Illinois Supreme Court Rule 369(b) (eff. July 1, 1982) presupposes that after an affirmance, the trial court has jurisdiction over the subject matter and the parties–even absent a remand–because without such jurisdiction, the court would be precluded from entering any order at all, including an order relating to the affirmance, and Rule 369(b) contemplates further proceedings relating to the affirmance.

¶ 22 Having rejected the jurisdictional argument, we need not decide whether the trial court erred by including, in its orders, provisions relating to the partial reversal, because these provisions caused Ketchens no harm. Error is reversible only if it is "substantially prejudicial." *Wodziak v. Kash*, 278 Ill. App. 3d 901, 914 (1996). "[W]here the court can see from the entire record that no injury has been done, the judgment or decree will not be disturbed." (Internal quotation marks omitted.) *Lawson v. G.D. Searle & Co.*, 64 Ill. 2d 543, 559 (1976) (quoting *Both v. Nelson*, 31 Ill. 2d 511, 514 (1964)). All the "Judgment Order" and "Default Judgment Order" did was restate, in a nutshell, our holdings in *McNeil*. The orders did not change Ketchens's legal status one iota from *McNeil*. Basically, Ketchens is asking us to reverse these orders for a purely academic reason. We decline to do so.

¶ 23 **C. Issue No. 3 in Ketchens's Brief: Failure To Join the Beneficiaries**
**of the Residuary Clause of Mary Somers Richards's Codicil**

¶ 24 We remarked in *McNeil* that in order for the trial court to have "decide[d] the controversy completely," the McNeils would have had to join, as defendants, the beneficiaries of Richards's codicil. *McNeil*, 397 Ill. App. 3d at 392. Ketchens appears to argue that because the controversy was, as we said in *McNeil*, not "completely decided," our decision in *McNeil* does not bind him.

¶ 25 The resolution in *McNeil* was "incomplete," however, only in the sense that other interested persons, *i.e.*, the known beneficiaries of Richards's codicil, would not be bound by it–because they were not named and served as parties (see *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 310 (1950); *Callner v. Greenberg*, 376 Ill. 212, 215 (1941); *Anna National Bank v. Prater*, 154 Ill. App. 3d 6, 14 (1987)). Ketchens, by contrast, was named and served as a party, and we are unaware of any authority for his suggestion that *McNeil* is nonbinding on him by reason of its being nonbinding on Richards's beneficiaries.

¶ 26    It does not appear that Ketchens ever objected to the nonjoinder of the beneficiaries of Richards's will; he certainly did not object in the previous appeal; consequently, he is in no position to object now. See *Tomaso v. Plum Grove Bank*, 130 Ill. App. 3d 18, 27 (1985) ("[O]bjections to nonjoinder of necessary parties after judgment are disfavored ***."). Because the judgment in *McNeil*–as far as the beneficiaries of Richards's codicil are concerned–does not affect any interest they might have in Tract A (since they were not joined), the judgment does not violate their right to due process and hence is not void. See *id.* Thus, it is a valid judgment and, as such, *res judicata* to Ketchens.

¶ 27                    D. Issue No. 4 in Ketchens's Brief:
            The Default Judgment Against Unknown Owners and Nonrecord Claimants

¶ 28    Ketchens points out that the beneficiaries of the residuary clause of Mary Somers Richards's codicil, *e.g.*, the United Presbyterian Church of Urbana and Kemmerer Village, Inc., were not "unknown owners"; they were known at the time the McNeils published a notice to unknown owners and nonrecord claimants in the newspaper on December 24, 2007. Also, Ketchens points out that the McNeils submitted no affidavit that they had made diligent efforts to identify and locate any unknown owners, as required by section 2-206 (735 ILCS 5/2-206 (West 2006)) and case law (*Callner v. Greenberg*, 376 Ill. 212, 215 (1941)). Thus, he concludes, the "Default Judgment Order" of February 25, 2011, binds neither the known beneficiaries of the residuary clause of Richards's codicil nor any unknown owners.

¶ 29    That is true, but it is a truth that does not help Ketchens. He is a named party. As we have explained, the nonjoinder of Richards's beneficiaries does not make the judgment against Ketchens void. See *Tomaso*, 130 Ill. App. 3d at 27. The "Default Judgment Order" has nothing to do with him, and he is challenging it for a purely academic reason, not because it caused him any substantial prejudice. See *Wodziak*, 278 Ill. App. 3d at 914.

¶ 30                              III. CONCLUSION
¶ 31    For the foregoing reasons, we affirm the trial court's judgment.

¶ 32    Affirmed.

¶ 33    JUSTICE TURNER, specially concurring:
¶ 34    While I concur with the majority's affirmation of the trial court's judgment, I write separately to note I express no opinion on whether the controversy in *McNeil* was completely decided. *Supra* ¶ 24. I also express no opinion on whether the default judgment of February 25, 2011, binds the known beneficiaries of the residuary clause of Richards's codicil or the unknown owners. *Supra* ¶¶ 28, 29. In all other respects, I agree with the majority's analysis.