# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

### *POM 1250 N. Milwaukee, LLC v. F.C.S.C., Inc.*, 2014 IL App (1st) 132098

</div>

| | |
|---|---|
| Appellate Court Caption | POM 1250 N. MILWAUKEE, LLC, Plaintiff-Appellee, v. F.C.S.C., INC., Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-13-2098 |
| Filed | May 28, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff appealed the award of attorney fees to defendant in plaintiff's action for breach of a real estate contract, but did not seek a stay of enforcement or post an appeal bond, and defendant proceeded to collect the award by garnishing the title company holding the earnest money plaintiff deposited while the appellate court reversed the award of attorney fees without a remand and then plaintiff returned to the trial court and obtained an order requiring defendant to return the garnished funds, the appellate court, pursuant to defendant's appeal, affirmed the trial court's order requiring defendant to return the earnest money to plaintiff, notwithstanding defendant's contentions that the reversal of the fee award without a remand deprived the trial court of jurisdiction and that the doctrine of *res judicata* barred plaintiff's action contesting the award, since the trial court, pursuant to Supreme Court Rule 369(b), was revested with jurisdiction when the fee award was reversed as part of the appellate court's decision affirming in part and reversing in part the trial court's judgment, and *res judicata* did not apply because the garnishment order was nullified by the reversal of the underlying fee award. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-CH-23543; the Hon. Thomas R. Allen, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Edward P. Freud and Brandon R. Freud, both of Ruff, Weidenaar & Reidy, Ltd., of Chicago, for appellant. |
| | David A. Epstein, of Brown Udell Pomerantz & Delrahim, Ltd., of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion. Justices Neville and Mason concurred in the judgment, and opinion. |

## OPINION

¶ 1 Plaintiff appealed an award of attorney fees entered against it, but decided to neither seek a stay of enforcement nor post a bond. While the appeal proceeded, defendant engaged in postjudgment remedies and collected the entire judgment. (This saved plaintiff from possibly having to pay postjudgment interest.) Plaintiff succeeded in its appeal, and this court reversed the judgment. Plaintiff, of course, wanted defendant to return its money so went back to the trial court, which ordered defendant to pay up. Defendant, however, contends plaintiff put itself in a win-lose predicament, that is, plaintiff won the appeal, but the trial court exceeded its authority in ordering defendant to give back the money.

¶ 2 Defendant raises two issues for us to consider: (i) the trial court did not have jurisdiction over plaintiff's motion because the appellate court reversed the award of attorney fees without remand; and (ii) the doctrine of *res judicata* bars plaintiff from seeking return of the money. We reject both arguments. Remand was unnecessary because under Supreme Court Rule 369(b), after a reviewing court affirms all or part of a judgment, jurisdiction revests in the trial court to enforce the judgment and for other proceedings to go on as if no appeal had been taken. Ill. S. Ct. R. 369(b) (eff. July 1, 1982). As to the doctrine of *res judicata*, enforcement of a judgment merely continues or supplements the original case and does not constitute a separate or subsequent action. The trial court appropriately and properly handled the case after the appeal, and so we affirm.

¶ 3                                         BACKGROUND
¶ 4 To understand this appeal, we need to review the earlier appeal.
¶ 5 In June 2006, F.C.S.C., Inc. (FCSC), entered a $1.9 million contract to sell a building in Chicago to POM 1250 N. Milwaukee, LLC (POM). In the contract, FCSC agreed to send

POM plans, engineering reports, and environmental surveys by July 7, 2006. In November 2006, POM sued FCSC for failing to send the promised documents and complete the sale. In response to FCSC's motion to dismiss, the trial court dismissed three counts with prejudice and struck another with leave to replead. The trial court allowed an immediate appeal from the dismissal of the first three counts under Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). POM filed a notice of appeal but never filed briefs, and the appellate court dismissed the appeal. Later, after efforts by the trial court to help the parties settle the case failed, POM moved for voluntary dismissal of the case, which the trial court granted on May 1, 2009.

¶ 6 On May 11, 2009, FCSC filed two postjudgment motions: one for sanctions under Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994) for filing false pleadings, and a second motion for attorney fees and costs based on a contract provision for payment of fees to the prevailing party. On October 22, 2010, the trial court denied the motion for Rule 137 sanctions but awarded FCSC attorney fees in the amount of $54,145.28. POM appealed the award of attorney fees, and FCSC cross-appealed the amount of the fee award and the denial of sanctions.

¶ 7 While the appeals proceeded, FCSC pursued a supplemental proceeding by serving a garnishment summons on Guaranty Title Company, which held POM's earnest money. On December 21, 2010, the trial court entered an order directing Guaranty to turn over to FCSC $50,750.07, which it did. POM did not appeal the turnover order.

¶ 8 On April 18, 2012, the appellate court affirmed in part and reversed in part the trial court's October 22, 2010 order. The court affirmed the trial court's finding that Rule 137 sanctions were not warranted against POM, but reversed the trial court's award of attorney fees to FCSC on jurisdictional grounds because FCSC had never filed a pleading seeking an award of attorney fees. *POM 1250 N. Milwaukee, LLC v. F.C.S.C., Inc.*, 2012 IL App (1st) 103466-U. The appellate court order did not remand the case for further proceedings.

¶ 9 On October 12, 2012, six months after the appellate court order reversing the attorney fee award, POM filed a motion for the trial court "to vacate the $50,750.07 turnover order entered in this supplemental proceeding on December 12, 2010, and to enter a turnover order against Defendant [FCSC,] directing it to pay over to the plaintiff the sum of $50,750.07 plus 9% postjudgment interest." POM titled the motion a "reverse turnover motion." FCSC moved to dismiss, arguing the trial court lacked jurisdiction to decide POM's reverse turnover motion because the appellate court had not remanded the case.

¶ 10 On February 19, 2013, the trial court denied FCSC's motion to dismiss for lack of jurisdiction, and, after a hearing, ordered FCSC to turn over to POM $50,750.07. The trial court found the appellate court's order reversing the award of attorney fees to FCSC voided both the money judgment from which POM appealed, and the turnover order based on the money judgment. FCSC filed a motion to reconsider. The trial court denied the motion to reconsider but vacated the order as to codefendant Republic Bank of Chicago and corrected other errors in the order.

¶ 11 FCSC appeals from both the February 19 order and the order denying the motion to reconsider, arguing that: (i) the trial court lacked jurisdiction to decide POM's postappeal motion because after reversing the appellate court had not remanded for further proceedings, and (ii) POM's posttrial motion was barred by *res judicata*.

ANALYSIS

ANALYSIS

Trial Court's Jurisdiction in the Absence of Remand

FCSC contends when the appellate court reversed the trial court's fees award, it did not remand to the trial court and, hence, the trial court was without jurisdiction to hear POM's reverse turnover motion. FCSC points to Illinois Supreme Court Rule 369 (eff. July 1, 1982), and argues that after reversing a trial court order, the appellate court must remand the case to revest jurisdiction in the trial court. POM responds that the trial court acquired jurisdiction: (i) under the circuit court's inherent constitutional power, (ii) under common law restitution principles, and (iii) because it filed a citation proceeding to enforce the appellate court judgment under section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402 (West 2010)). The parties agree that where the circuit court decided issues of jurisdiction without an evidentiary hearing, the decision is reviewed *de novo*. *Commerce Trust Co. v. Air 1st Aviation Cos.*, 366 Ill. App. 3d 135, 140 (2006).

Supreme Court Rule 369 provides for the filing of a mandate in the circuit court after a decision has issued from a reviewing court. Relevant to this appeal are subsections (b) and (c) of Rule 369, which provide:

> "(b) Dismissal or Affirmance. When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken.
>
> (c) Remandment. When the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." Ill. S. Ct. R. 369(b), (c) (eff. July 1, 1982).

FCSC asserts that under the language of Rule 369 (b) and (c), jurisdiction revests with the trial court after an appeal *only* if (i) the appeal is affirmed or dismissed or (ii) the case is remanded. Because the appellate court reversed the trial court but did not remand, the trial court has no jurisdiction to consider any other proceedings. To support its argument, FCSC relies on *Watkins v. Dunbar*, 318 Ill. 174 (1925) and *Dalan/Jupiter, Inc. v. Draper & Kramer, Inc.*, 372 Ill. App. 3d 362 (2007). In *Watkins*, the trial court entered a judgment in the plaintiff's favor, granting an order of replevin against the sheriff, who had levied on property belonging to the plaintiff. *Watkins*, 318 Ill. at 175-76. The appellate court reversed and found that the sheriff was entitled to possession of the property by virtue of his levy. *Id.* at 176. After the appellate court's reversal, the trial court, on motion, ordered the property to be returned to the sheriff and granted costs. *Id.* Our supreme court held that that trial court did not have jurisdiction to enter the turnover order. *Id.* at 177. The court noted that if an appeal is dismissed or a judgment affirmed, the case may be reinstated in the trial court and execution may issue or other proceedings may be had on the original judgment, and if a judgment is reversed and the case is remanded for a new trial, the case is reinstated in the trial court on the filing of the remand order. *Id.* But "[w]here the judgment is reversed and there is no order remanding the case, it cannot be re-instated in the court which entered the judgment from which the appeal was taken." *Id.* The court further stated, "[T]he power to make a valid order cannot survive the loss of jurisdiction. There was no case pending in the circuit court *** when the judgment for a return of the property in question and for costs was

entered against appellant, and the order entered by the circuit court is *coram non judice*." *Id.* at 178.

¶ 17    In *Dalan/Jupiter, Inc. v. Draper & Kramer*, *Inc.*, 372 Ill. App. 3d 362 (2007), this court reaffirmed the holding in *Watkins*. In *Dalan/Jupiter*, the plaintiff filed a breach of contract claim against defendant. After a bench trial, the trial court awarded plaintiff $550,252.22, including attorney fees. *Id.* at 364. The appellate court reversed, finding defendant did not breach the contract. The case was not remanded. *Id.* After the mandate was filed, defendant filed a petition in the trial court for attorney fees and costs. *Id.* The trial court denied the petition, finding it had no jurisdiction. *Id.* Defendant then filed a new complaint against plaintiff alleging breach of contract, subrogation, and unjust enrichment, and seeking attorney fees and costs in the amount of $318,020.89. *Id.* at 365. The trial court granted plaintiff's motion for summary judgment on *res judicata* grounds and defendant appealed. *Id.* at 365-66. Defendant contended that because the trial court said it did not have jurisdiction to consider the merits of its previous fee petition, the earlier order can have no *res judicata* effect on a separate lawsuit alleging the same claim for fees. *Id.* at 367. The appellate court rejected that argument, observing that "Rule 369(b) embodies the Illinois Supreme Court's holding in *Watkins v. Dunbar*, 318 Ill. 174, 149 N.E. 14 (1925). [Citation.] It does not apply to reversal without remand. Rule 369(c) provides for reinstatement of a case in the circuit court following remand for a new trial or hearing. 134 Ill. 2d R. 369(c)." *Id.* at 367-68. The panel saw no reason to depart from the holding in *Watkins. Id.* at 368.

¶ 18    FCSC asserts that, similarly, because the appellate court did not dismiss the appeal or affirm the award of attorney fees, the trial court lacked jurisdiction under Rule 369(b) and jurisdiction was not warranted under Rule 369(c) without remand. Therefore, the trial court's order granting POM's reverse turnover motion was void for lack of jurisdiction.

¶ 19    The rule set forth in *Watkins* and restated in *Dalan/Jupiter* was recently examined in *McNeil v. Ketchens*, 2011 IL App (4th) 110253. In *McNeil*, plaintiff homeowners brought an action seeking a declaratory judgment against their neighbor and to quiet title to a small sliver of property on which part of the plaintiffs' driveway sat, after defendant blocked access to the driveway. *Id.* ¶ 5. After a bench trial, the circuit court entered judgment for the defendant, and plaintiffs appealed. The appellate court affirmed the trial court's finding that plaintiffs had not acquired title to that portion of the driveway by deed when they purchased the property but reversed the trial court's finding that plaintiffs had not carried their burden of proving adverse possession for 20 years. *Id.* ¶ 9. The circuit court then entered judgment that the defendant had no ownership interest in the property and the plaintiff homeowners acquired title by adverse possession. *Id.* ¶ 12. Defendant appealed, relying on *Watkins* and *Dalan/Jupiter* to argue that because the appellate court had not remanded the case, the trial court lacked jurisdiction to enter any further orders. The appellate court disagreed, noting that its earlier decision "was more than a reversal: it was an affirmance in part and a reversal in part." *Id.* ¶ 21. The court further stated, "Rule 369(b) (eff. July 1, 1982) presupposes that after an affirmance, the trial court has jurisdiction over the subject matter and the parties–even absent a remand–because without such jurisdiction the court would be precluded from entering any order at all, including an order relating to the affirmance, and Rule 369(b) contemplates further proceedings relating to the affirmance." *Id.*

¶ 20    We agree with the holding in *McNeil*. When a reviewing court affirms all or part of a circuit court judgment, Rule 369(b) provides that "enforcement of the judgment may be had

- 5 -

and *other proceedings* may be conducted as if no appeal had been taken." (Emphasis added.) Ill. S. Ct. R. 369(b) (eff. July 1, 1982). In its order on POM's appeal of the trial court's award of attorney fees to FCSC and FCSC's cross-appeal of the denial of Rule 137 sanctions, the appellate court reversed in part and affirmed in part. *POM 1250 N. Milwaukee, LLC v. F.C.S.C., Inc.*, 2012 IL App (1st) 103466-U. By affirming in part, the appellate court necessarily revested the trial court with jurisdiction over the case and permitted the court to conduct "other proceedings," namely, POM's postappeal motion for a reverse turnover order. (POM might have avoided this appeal had it also appealed the turnover order and consolidated that appeal with the appeal of the attorney fee order, but we do not believe POM was obligated to pursue this course of action to preserve its ability to recover funds from defendant on a judgment that is no longer in existence.) Therefore, the trial court did not err in finding it had jurisdiction to grant the motion.

¶ 21                                            *Res Judicata*

¶ 22        "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." (Internal quotation marks omitted.) *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). "*Res judicata* is an equitable doctrine designed to prevent the multiplicity of lawsuits between the same parties and involving the same facts and the same issues." *Murneigh v. Gainer*, 177 Ill. 2d 287, 299 (1997). The bar extends to all matters that were offered to sustain or defeat a claim in the first action, as well as to all matters that could have been offered. *Arvia v. Madigan*, 209 Ill. 2d 520, 533 (2004).

¶ 23        FCSC contends that by failing to appeal the trial court's December 21, 2010, turnover order, which was a final and appealable order under Supreme Court Rule 304(b)(4), *res judicata* applied. Rule 304(b) provides that certain orders are appealable without a special finding, including a "final judgment or order entered in a proceeding under section 2-1402 of the Code of Civil Procedure." Ill. S. Ct. R. 304(b)(4) (eff. Feb. 26, 2010). Because POM did not timely appeal the trial court's turnover order, FCSC contends *res judicata* barred POM from challenging the order.

¶ 24        FCSC relies on *Busey Bank v. Salyards*, 304 Ill. App. 3d 214 (1999). In *Busey*, the plaintiff, Busey Bank, obtained a money judgment against the Salyards. *Id*. at 216. To collect the judgment, Busey Bank served a garnishment summons on Farmers Merchants National Bank, which answered that the Salyards had $2,573 in savings and $18,046.99 in an individual retirement account (IRA). *Id.* Busey Bank obtained a turnover order in its favor for all of the IRA funds, but Farmers Merchants never paid those funds to Busey Bank. *Id*. The Salyards later filed for bankruptcy protection and the bankruptcy court voided the turnover order because it included exempt IRA assets. *Id*. Six months after the turnover order was entered, Farmers Merchants relinquished the IRA funds to the Salyards. *Id*. On motion by Busey Bank, the trial court entered an order of contempt and sanctions against Farmers Merchants for failing to pay the funds to Busey Bank as required by the turnover order. *Id*. In appealing the contempt order, Farmers Merchants contended that because the turnover order was voided, the contempt order was also invalid. *Id*. at 217-18. The appellate court found that it did not have jurisdiction to review the merits of the turnover order because Farmers Merchants had not appealed that order. *Id.* at 218. The court stated, "In postjudgment garnishment proceeding, orders that terminate all or part of the garnishment proceeding are

appealable pursuant to Supreme Court Rule 304(b)(4) [citation]. [Citations.] When a party has failed to take a timely appeal from an order that is final for purposes of appeal, the appellate court is without jurisdiction to consider the propriety of that earlier final order in an appeal from a subsequent order, even in the same case. [Citation.]" *Id*. According to FCSC, POM may not seek to vacate a turnover order it never challenged on appeal.

¶ 25    *Busey Bank*, though, is inapposite. As the court there stated, "Farmers Merchants attempts to attack the turnover order in an appeal from an order entered in a subsequent, independent proceeding, to wit, the contempt proceeding." *Id*. POM does not seek to collaterally attack the turnover order entered in the garnishment proceeding but to effectuate this court's judgment reversing the attorney fee award in the *same* proceeding.

¶ 26    There having been no "subsequent action," *res judicata* does not apply. Under section 2-1402 of the Code of Civil Procedure (735 ILCS 5/2-1402 (West 2010)), "[a] judgment creditor *** is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment. A supplementary proceeding shall be commenced by the service of a citation issued by the clerk." 735 ILCS 5/2-1402(a) (West 2010). " '[S]upplementary proceedings to collect, of whatever nature, must derive their support from the main judgment, and if the main judgment fails the right to collect in such proceedings must also fail.' " *People ex rel. Scott v. Police Hall of Fame, Inc.*, 69 Ill. App. 3d 501, 503 (1979) (quoting *Alsen v. Stoner*, 114 Ill. App. 2d 216, 224-25 (1969)).

¶ 27    FCSC's garnishment proceeding was supplementary to the underlying breach of contract case, not a separate or subsequent action. When this court reversed the trial court's fee award order, the garnishment order necessarily failed. Therefore, the doctrine of *res judicata* did not apply to bar return of fees this court found to have been improperly awarded to FCSC.

¶ 28    Affirmed.